IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLEN GRACE, # 312989 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-06-2587 |
| MR. WHITTING, et al. | * | |
| Defendants. | | |
| | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

On October 3, 2006, Glen Grace, a prisoner at the Western Correctional Institution ("WCI") filed this 42 U.S.C. § 1983 action against his classification counselors. Grace claims Defendants' refusal to transfer him to pre-release security status violates his constitutional rights. He complains that he is unable to participate in substance abuse and work release programs due to racial discrimination in assigning his security classification. Grace has also filed a Motion to Proceed in Forma Pauperis which will be granted pursuant to 28 U.S.C. §1915(a). Plaintiff's complaint, however, shall be dismissed pursuant to 28 U.S.C. §1915(e).[1] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992);

---

[1] 28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal--
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may
>         be granted; or
> (iii) seeks monetary relief against a defendant who
>         is immune from such relief.

*Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Access to prison programs or to a particular custody classification does not constitute a property or liberty interest in the context of a constitutional due process claim. The Constitution itself does not give prisoners an interest in placement on work release or in being classified to a particular prison, security level or job. *See Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").

While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relations to the ordinary incidents of prison life." *Sandin v. Conner*, 515, U.S. 472, 115 S. Ct. 2293, 2300 (1995); s*ee also Paoli v. Lally*, 812 F.2d 1489, 1493 (4TH Cir. 1987) (Maryland law and DOC regulations do not create protected liberty interest). Being denied a reduction to a lesser security status, a transfer to a minimum security institution, and placement in favorable prison programs are simply not atypical or significant hardships in ordinary prison life. *Id*. Plaintiff does not have any constitutionally protected liberty interests at stake and he has no entitlement to due process in connection with any of the deprivations alleged; thus, this claim shall therefore be dismissed. *See Neitzke v. Williams*, 490 U.S. at 319.

      To the extent Grace claims his security status is a result of racial discrimination and equal protection rights violations, he provides no facts or allegations in support of his conclusory claim. Without more, there is no factual basis presented to suggest discriminatory animus or disparate treatment in the assignment of his security classification.  Indeed, Grace's own exhibits demonstrate that his actions violating prison regulations resulted in a forty-five day cell restriction which prompted an increase in his security status on August 21, 2006.  Paper No. 1, Attachments.

October 13, 2006                                         /s/
                                               _____
                                                    RICHARD D. BENNETT
                                               UNITED STATES DISTRICT JUDGE